# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

KEVIN J. COLLINS,            )
                             )
    *Petitioner*,             )
                             )
v.                           )   No. 1:14-cv-197-NT
                             )
                             )
RODNEY BOUFFARD,             )
Warden, Maine State Prison,  )
    *Respondent*             )

## RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION

Petitioner Kevin Collins, an inmate at the Maine State Prison, has filed a petition pursuant to 28 U.S.C. § 2254. Petition (ECF No. 1.)[1] Following a plea of guilty on charges brought in the Kennebec County and Somerset County Superior Courts, petitioner was convicted of multiple charges including drug trafficking, theft, and burglary, and he was sentenced to a total of 15 years in prison. Petitioner did not file any direct appeal, and the Law Court denied his request for discretionary review of the sentence. On a single post-conviction review of the two Kennebec County actions, the Superior Court, following an evidentiary hearing, granted petitioner's request for credit for pretrial detention, but otherwise denied his claims, and the Law Court denied discretionary review. Petitioner has not exhausted the remedies available on post-conviction review of the Somerset County action; the Superior Court denied his petition, and, according to the latest status report filed by the State, petitioner has filed an application for discretionary review by the Law Court.

---

[1] The petition was filed in three parts. Pages 1 through 7 are docketed at ECF No. 1, pages 9 through 12 are docketed at ECF No. 4, and pages 13 through 16 are docketed at ECF No. 5.

In the instant federal habeas petition, petitioner raises the following four grounds: (1) he received ineffective assistance of counsel regarding meritorious good time credit and his plea was involuntary because the State misinformed him about meritorious good time credit; (2) he was not provided with required discovery; (3) his plea was involuntary, and he received ineffective assistance of counsel as to the plea; and (4) he received ineffective assistance of counsel in the Kennebec County post-conviction proceeding. The State has requested a summary dismissal. I recommend that the court deny relief and dismiss all claims in the petition on the merits, for the reasons stated herein.

## I. Factual Background and Procedural History

### A. The Charges

Petitioner challenges three state court criminal judgments in this federal habeas petition. In the first case, a criminal complaint was filed in Kennebec County Superior Court in January 2009, charging petitioner with (1) aggravated trafficking of scheduled drugs, namely, more than one pound of marijuana, in violation of 17-A M.R.S.A. § 1105-A(1)(B)(4) (Class B); and (2) aggravated cultivating of marijuana, namely, more than five marijuana plants, in violation of 17-A M.R.S.A. § 1105-D(1)(A)(3) (Class C). *State v. Collins*, No. AUGSC-CR-2009-00006 (Me. Super. Ct., Ken. Cnty.). Docket Sheet ("Docket I") at 1; Complaint ("Complaint I") at 1.[2] In February 2009, petitioner was indicted on those charges and also on a third count for criminal forfeiture of property, 15 M.R.S.A. § 5826. Docket I at 2; Indictment I at 1-2. Petitioner was

---

[2] All of the relevant state court criminal docket sheets and filings, as well as the transcripts of petitioner's plea hearing, pursuant to M.R. Crim. P. 11 ("Rule 11 Tr."), and the transcript of his Kennebec County post-conviction hearing ("Post-conviction Tr."), are contained in a one-volume paper copy of the state court record, filed by the State along with its Answer to Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Answer"). (ECF Nos. 10, 10-1, 11.) Because the paper record is not consecutively paginated, the docket sheets and filings in each of the three underlying criminal cases are referred to here with Roman numerals to indicate which case is being referenced: I (for the first Kennebec County action), II (for the second Kennebec County action), and III (for the Somerset County action).

2

represented by three attorneys in succession; the third attorney was appointed in November 2009 in the first case and represented Petitioner through the March 2010 plea hearing and sentencing in all three cases. Docket I at 1-2, 7; Docket II at 6; Docket III at 1.

The second case involved multiple burglaries, thefts, and other charges. A two-count criminal complaint was filed in Kennebec County Superior Court in April 2009, charging petitioner with burglary, in violation of 17-A M.R.S.A. § 401(1)(B)(4) (Class B); and theft by unauthorized taking or transfer, in violation of 17-A M.R.S.A. § 353(1)(B)(5) (Class D). *State v. Collins*, No. AUGSC-CR-2009-00232 (Me. Super. Ct., Ken. Cnty.) Docket II at 1; Complaint II. In May 2009, petitioner was indicted on those charges as well as four additional charges. Indictment II. In November 2009, petitioner was charged, in a fifteen-count superseding indictment, with seven counts of burglary, in violation of 17-A M.R.S.A. § 401(1)(B)(4) (Class B); one count of theft by receiving stolen property, in violation of 17-A M.R.S.A. § 359(1)(B)(1) (Class B); five counts of theft by unauthorized taking or transfer, in violation of 17-A M.R.S.A. § 353(1)(A), (1)(B) (Class B as to one of the counts, and Classes C through E as to the remainder of the counts); one count of criminal mischief, in violation of 17-A M.R.S.A. § 806(1)(A) (Class D); and one count of criminal conspiracy, in violation of 17-A M.R.S.A. § 151(1)(C) (Class C). Docket II at 1-3, 6; Superseding Indictment II.

In the third case, an information was filed in Somerset County Superior Court on March 4, 2010, charging petitioner with three counts of burglary, in violation of 17-A M.R.S.A. § 401(1)(A), (1)(B)(4) (Class B as to two of the counts and Class C as to the other count), and two counts of theft by unauthorized taking, in violation of 17-A M.R.S.A. § 353(1)(A) (Class E). *State v. Collins*, No. SKOSC-CR-2010-00077 (Me. Super. Ct., Som. Cnty.). Information III.

## B. The Pleas, Sentencing, and Denial of a Discretionary Sentencing Review

On March 4, 2010, the same day on which the Somerset County charges were filed, the Superior Court conducted a single hearing, pursuant to M. R. Crim. P. 11 ("Rule 11"), at which all three of the criminal cases were adjudicated. A more detailed discussion of the plea hearing follows, but in essence, the court found that petitioner entered his guilty pleas knowingly and voluntarily, and the court found that there was a factual basis for the guilty findings. Rule 11 Tr. at 53.

In the first Kennebec County case, petitioner pled guilty to one count of aggravated trafficking in scheduled drugs, and he admitted to the criminal forfeiture of property. *Id.* at 38. The charge of aggravated marijuana cultivation was dismissed. Judgment and Commitment I at 1. Petitioner was sentenced to a term of imprisonment of five years, to be served concurrently with the five-year term imposed on one of the burglary charges. Rule 11 Tr. at 38; Docket I at 9.

In the second Kennebec County case, petitioner pled guilty to one count of receiving stolen property (Class B) (count 1); six counts of burglary (Class B) (counts 2, 4, 6, 8, 10, 11); two counts of theft (Class C) (counts 5, 9); one count of theft (Class D) (count 3); one count of theft (Class E) (count 12); one count of criminal mischief (Class D) (count 7); and one count of criminal conspiracy (Class C) (count 15). Rule 11 Tr. at 38-41.[3] Petitioner pled no contest to one count of burglary (Class B) (count 13); and one count of theft (Class B) (count 14). *Id.* at 40-41. Petitioner was sentenced to a term of imprisonment of 10 years on one of the burglary counts, and five years, to be served consecutively, on another burglary count. *Id.* at 57; Judgment and Commitment II at 1, 3. He was sentenced to a term of five years for the other Class B offenses; one year for the Class

---

[3] With respect to Count 5, the superseding indictment charged a Class C crime, changed from Class B in the initial indictment, and petitioner pled guilty to a Class C crime. Indictment II; Superseding Indictment II, Rule 11 Tr. at 39. In the Judgment and Commitment, however, Count 5 is listed as a Class B crime. Judgment and Commitment II at 3.

C offenses; and six months for the Class D and E offenses; all of these terms were to be served concurrently with the other sentences. Rule 11 Tr. at 57-58; Judgment and Commitment II at 1.

In the third case, *i.e.*, the Somerset County case, Petitioner waived his right to an indictment and pled guilty to all five charges. Rule 11 Tr. at 22-23, 41-42. He was sentenced to a term of five years for the Class B offenses, one year for the Class C offense, and six months for the Class E offenses, all to be served concurrently with the other sentences. *Id.* at 58; Judgment and Commitment III at 1. In accordance with the recommendation of the parties, the court thus sentenced petitioner to an overall term of imprisonment of 15 years. Rule 11 Tr. at 44, 56-57.[4] The court explained that to the extent that the parties may have considered a term of probation, the court would not have accepted probation, given petitioner's extensive criminal record of similar conduct. *Id.* at 56.

The Sentence Review Panel denied petitioner's request for leave to appeal the sentence. *State v. Collins*, No. SRP-10-203 (Me. Sent. Rev. Panel Aug. 31, 2010).

### C. The Kennebec County Post-conviction and the Denial of a Discretionary Post-conviction Review

Petitioner filed a post-conviction petition in Kennebec County Superior Court in January 2011. *Collins v. State*, AUGSC-CR-2011-00028, Post-conviction Docket at 1. Post-conviction counsel was appointed to represent him, and an amended petition was filed in July 2011. *Id.* at 2. Petitioner asserted four grounds: (1) that his plea was unknowing and involuntary; (2) that counsel provided ineffective assistance by failing to provide petitioner with discovery, by failing to conduct a reasonable investigation, and by waiving pending motions without petitioner's consent;

---

[4] According to petitioner's testimony at the post-conviction hearing, he rejected an earlier offer from the State because it included a long period of probation. Post-conviction Tr. at 34-35. Petitioner testified that the prosecutor asked him what he would accept, and he responded, "I'll take 15 years flat." *Id.* at 35. Petitioner testified that the prosecutor immediately accepted petitioner's proposed recommended sentence of 15 years. *Id.*

5

(3) that counsel provided ineffective assistance by misinforming petitioner about meritorious good time credit; and (4) that petitioner was wrongly denied pretrial detention credit. Amended Petition for Post-conviction Review at 1.[5]

The court granted the initially-appointed counsel's motion to withdraw, and new counsel was appointed in January 2012. Post-conviction Docket at 2-3. An evidentiary hearing was held on March 11, 2013. *Id.* at 3. Petitioner and trial counsel testified at the hearing. Post-conviction Tr. at 2, 7, 40. The Superior Court entered its post-conviction decision and order on May 10, 2013. Post-conviction Docket at 3-4; Post-conviction Decision and Order.

The Superior Court treated the Kennebec County post-conviction petition as asserting claims arising out of the Kennebec County judgments only.[6] The court denied all of the post-conviction claims except the one for pretrial detention credit. Post-conviction Decision and Order at 2-5.[7] In denying petitioner's claim that he was deprived of discovery, the Superior Court noted that petitioner had not requested post-conviction relief in the Somerset County judgment. Post-

---

[5] Petitioner's discovery claim appears to have included both a claim that the State violated his due process rights under *Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution"), and a claim of ineffective assistance of counsel based on counsel's failure to provide him with *Brady*-related discovery. Amended Petition for Post-conviction Review at 2.

[6] Petitioner's testimony at the post-conviction hearing indicated that his *Brady* claim was based on the argument that discovery that had been withheld from him in the Somerset County charges would have brought to light a flaw in the indictment on the Kennebec County charges. Post-conviction Tr. at 11-12. Petitioner testified that he believed that the State deliberately charged him by information in the Somerset case so as to avoid giving him *Brady* materials. *Id.* at 11. Petitioner testified that he never received an inventory of property seized from a self-storage facility in Benton and that he did not receive receipts found in his truck for "grow equipment." *Id.* at 12, 17.

[7] The state court granted petitioner's request for 397 days of credit for pretrial detention. Post-conviction Decision and Order at 2, 5. Petitioner attaches to his reply documentation that he alleges shows that the Maine Department of Corrections has not reflected the credit in its paperwork on file for petitioner. Reply (ECF No. 15) at [7-8]; Attachments (ECF Nos. 15-5, 15-6.) It appears that the documentation attached to petitioner's reply may have been generated soon after the state court's May 2013 decision and order, and, therefore, the documentation may not have reflected, at that point, the number of days of pretrial detention credit referred to in the court's order. The claim for pretrial detention credit has been adjudicated and is not at issue; Petitioner is to receive the credit, whether or not prison documentation from May 2013 reflected that.

conviction Decision and Order at 2. In addition, the court found that "[p]etitioner failed to present sufficient evidence to convince the [c]ourt that he was deprived of any exculpatory evidence prior to entering pleas." *Id.*

The court found that the plea was voluntary, noting that petitioner had had "several conversations with his counsel on the morning of the plea, and requested and was granted a meeting with the District Attorney to discuss the terms of the plea." *Id.* at 3.

Finally, the court denied the various claims of ineffective assistance of counsel:

> Although there is some question as to whether he was aware of the disposition of the Somerset matters involving the co-defendants, even if Petitioner did not know all of the particulars of the resolution of the co-defendants' charges, the [c]ourt is unconvinced that knowledge of that information would have caused Petitioner to take a different course in the Kennebec matters.

*Id.* at 4. The court found that even if petitioner did not know whether the motions that were pending at the time of the plea would later be withdrawn or rendered moot, "[p]etitioner has presented no evidence from which the [c]ourt could conclude that had he known the status of the motions, [p]etitioner would have chosen a different course of action." *Id.* The court found that "[p]etitioner's contention that his counsel failed to conduct an adequate pretrial investigation is unsupported by the record." *Id.*

Post-conviction counsel represented petitioner in his request for discretionary review of the post-conviction decision by the Law Court. *Collins v. State*, Ken-13-343, Law Court Docket Sheet at 1. In his memorandum in support of his request for a certificate of probable cause, petitioner made the three arguments that had been unsuccessful before the trial court on post-conviction. The Law Court denied discretionary review in April 2014. Law Court Docket Sheet at 1. Because the Law Court denied a certificate of probable cause, the final reasoned analysis of the state court is

7

the May 10, 2013, decision and order of the Superior Court. *See Kidd v. Lemke*, 734 F.3d 696, 703 (7th Cir. 2013) (noting that the court reviews "the final reasoned opinion by the state courts").

### D. The Somerset County Post-conviction

The State represented, in its answer to the section 2254 petition, that in April 2014, petitioner filed a post-conviction petition in Somerset County Superior Court. Answer at [4 n.2]. In order to determine the current status of that petition for purposes of the exhaustion requirements set forth in 28 U.S.C. § 2254, I ordered the State to supplement the record and file a status report. Order (ECF No. 16). The State has filed a supplemental state court record consisting of the Somerset County post-conviction docket record, the petition, and the court's order of summary dismissal. Supplemental Record (ECF No. 17-1). The State has also filed two status reports. Status Reports (ECF Nos. 17, 18).

The Somerset County petition alleged three grounds: (1) that petitioner received ineffective assistance of counsel in the Kennebec County post-conviction; (2) that he was denied discovery material in violation of his due process rights under *Brady*, and that this material would have demonstrated his innocence; and (3) that the court in the Kennebec County post-conviction proceeding failed to adjudicate claims he raised claims concerning the Somerset County judgment. Somerset County Post-conviction Petition at 3-4.

The court ordered a summary dismissal of the Somerset County petition on two bases. First, the court concluded that it "may not review a post-conviction proceeding by a subsequent post-conviction petition . . ." *Collins v. State*, SOMCD-CR-2014-00578, Unified Criminal Docket Order Summarily Dismissing Petitioner's Post Conviction Petition, Supplemental Record at [8]. Second, the court concluded that petitioner waived his *Brady* claim because he did not raise the claim in his prior post-conviction proceeding. *Id.* at [8-9].

In the State's latest status report, filed on October 22, 2014, the State represented that petitioner requested a discretionary review of the summary dismissal, but the Law Court had not yet docketed the matter. Status Report (ECF No. 18).

### E. The Section 2254 Petition

Petitioner filed a section 2254 petition in this court in May 2014, challenging the Kennebec County and Somerset County criminal judgments. The State requests a summary dismissal.

## II. Applicable Legal Standard

Pursuant to 28 U.S.C. § 2254(a), a person in custody pursuant to the judgment of a state court may apply to a federal district court for writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The First Circuit has noted that 28 U.S.C. § 2254 limits federal review and is "'designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions.'" *Scoggins v. Hall*, 765 F.3d 53, 57 (2014) (1st Cir. 2014) (quoting *Harrington v. Richter*, 562 U.S. 86, ---, 131 S. Ct. 770, 787 (2011)).

> A section 2254 petition must not be granted
>
> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim−
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d). Regarding the legal inquiry, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409

(2000); *see also Renico v. Lett*, 559 U.S. 766, 773-74 (2010). Regarding the factual inquiry, the statute further provides that "a determination of a factual issue made by a State court shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

. To succeed on a claim of ineffective assistance of counsel, a petitioner "must establish both that counsel's representation fell below an objective standard of reasonableness and that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Turner v. United States*, 699 F.3d 578, 584 (1st Cir. 2012). The two prongs of the ineffective assistance are commonly referred to as "'cause'" and "'actual prejudice.'" *See Bucci v. United States*, 662 F.3d 18, 29 (1st Cir. 2011) (quoting *United States v. Frady*, 456 U.S. 152, 167-68 (1982)). A district court reviewing such claims need not address both prongs of the test because a failure to meet either prong will undermine the claim. *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

As for the "cause" test, the court must be "fairly tolerant" of counsel's performance because the Constitution does not guarantee a "perfect defense". *Moreno-Espada v. United States*, 666 F.3d 60, 65 (1st Cir. 2012) (quoting *Scarpa v. Dubois*, 38 F.3d 1, 8 (1st Cir. 1994)). The issue is whether counsel's performance was "'within the wide range of reasonable professional assistance' that a competent criminal defense counsel could provide under 'prevailing professional norms.'" *Bucci*, 662 F.3d at 30 (quoting *Strickland*, 466 U.S. at 688-89). The "actual prejudice" test requires a showing "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

"In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, --- U.S. ---, 132 S. Ct. 1376, 1384 (2012). Habeas relief following a guilty plea is strictly limited. "We have strictly limited the circumstances

under which a guilty plea may be attacked on collateral review." *Bousley v. United States,* 523 U.S. 614, 621 (1998). "When a state prisoner asks a federal court to set aside a sentence due to ineffective assistance of counsel during plea bargaining, our cases require that the federal court use a 'doubly deferential' standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, --- U.S. ---, 134 S. Ct. 10, 13 (2013) (quoting *Cullen v. Pinholster*, --- U.S. ---, 131 S. Ct. 1388, 1403 (2011)).

### III. Discussion

#### A. Analysis of the Exhausted Claims (Kennebec County Petition)

##### 1. The Claim of Involuntary Plea and Ineffective Assistance of Counsel Concerning Meritorious Good Time Credit (Ground One)

Ground one of petitioner's section 2254 petition claims that counsel failed to correct the prosecutor's statement that petitioner would be able to obtain nine days of meritorious good time credit per month. Petition (ECF No. 1) at [5]. In his amended state court petition, petitioner had phrased this claim somewhat differently, alleging that trial counsel misinformed him about the number of good time credits to which petitioner would be entitled. Amended Petition for Post-conviction Review at 1. At the post-conviction hearing, petitioner testified that the State told him he would get nine days per month, but that petitioner did not have a conversation with counsel about good time. Post-conviction Tr. at 29-31. Consistent with petitioner's testimony, counsel testified that he was present during petitioner's plea discussion with the State, that counsel did not remember what if anything the State told petitioner about meritorious good time, and that counsel did not advise petitioner about good time. *Id.* at 57-60. Petitioner acknowledged that he was well aware, before he pled guilty, of the discretionary nature of meritorious good time. *Id.* at 29-30.

The Kennebec County Superior Court did not specifically address petitioner's ineffective assistance of counsel claim concerning meritorious good time.[8] However, it heard the testimony and found that the record established that the plea was knowing and voluntary. "The record established that [p]etitioner entered his plea with the benefit of counsel, and with the full knowledge of the consequences of his pleas." Post-conviction Decision and Order at 3. Petitioner raised the issue again in his request for a discretionary appeal, arguing that his plea was unknowing and involuntary because the prosecutor told him, incorrectly, that he would receive nine days of meritorious good time per month, and his acceptance of the offer was in part based on that information. Memorandum in Support of Certificate of Probable Cause at 3-4.

Good time credits affect the duration of the sentence and, therefore, are subject to review on a federal habeas petition. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-79 (2005). This issue, at least to the extent that the allegation of meritorious good time misinformation was asserted as a basis for arguing that the plea was unknowing and involuntary, was exhausted in the state court. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).

The claim of an unknowing and involuntary plea fails because petitioner has failed to demonstrate that the decision was based on an unreasonable determination of the facts or that the decision was contrary to or an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1), (2). As regards the factual challenge, the court, having heard petitioner's

---

[8] Petitioner's claim is essentially that his plea was involuntary due to alleged misinformation he received about meritorious good time. It does not appear to be a challenge to the calculation of good time. However, it bears noting that after petitioner filed the state court petition, but before the post-conviction evidentiary hearing, the law governing challenges to meritorious good time was changed. Beginning in 2012, claims concerning calculations of meritorious good time were no longer included within the definition of a "post-sentencing proceeding" cognizable on state court post-conviction review. *See* P.L. 2011, ch. 601, § 3 (effective August 30, 2012) (codified at 15 M.R.S.A. § 2121(2)); *Roderick v. State*, 2013 ME 34, ¶ 4 n.2, 79 A.3d 368. This recommended decision assumes that the state court decided the issue whether the plea was knowing and voluntary, and, in so doing, it considered the effect of any misinformation concerning meritorious good time. Ultimately, the court impliedly rejected the meritorious good time allegation when it found that petitioner was aware of the consequences of the plea. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (noting that a claim that is fairly presented, but "ignored" and thereby "impliedly rejected," is exhausted for purposes of federal habeas review).

testimony in the post-conviction hearing, along with the testimony of counsel, concluded that the plea was both knowing and voluntary. Kennebec County Post-conviction Decision and Order at 2-3. There is record support for this finding; the court had asked petitioner in the plea colloquy pursuant to M.R. Crim. P. 11: "Has anyone said anything to you, made any promises to you or done anything to force you, convince you or coerce you into entering into this plea?" Plea Tr. at 20. Petitioner responded: "No, sir." *Id.* The court then asked: "Are you proceeding of your own free will here today?" *Id.* Petitioner responded: "Yes, sir." *Id.*

To the extent that Petitioner raises a legal challenge, pursuant to section 2254(d)(1), to the voluntariness of the plea, that claim fails as well. "'It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.'" *Bousley,* 523 U.S. at 621 (quoting *Mabry v. Johnson,* 467 U.S. 504, 508 (1984) (footnote omitted)). The state court's decision is by no means an unreasonable application of the clearly established federal law as held by the Supreme Court in *Bousley*. *See id.*

Petitioner's claim, that ineffective assistance of counsel concerning meritorious good time credits caused the plea to be unknowing and involuntary, lacks merit. The state court's finding that the plea was entered voluntarily with full knowledge of the consequences is presumed correct, and petitioner has not presented clear and convincing evidence to rebut that presumption. See 28 U.S.C. § 2254(e)(1). The finding that petitioner understood the consequences of the plea indicates that the state court impliedly rejected petitioner's claim of ineffective assistance of counsel concerning meritorious good time. *See Castille*, 489 U.S. at 351; *Strickland*, 466 U.S. at 697. Petitioner has not demonstrated that he can meet his burden with respect to the requirements of section 2254(d)(1) or (2) as to his claim of ineffective assistance of counsel concerning meritorious good time credits.

## 2. The Claim of Involuntary Plea and Ineffective Assistance of Counsel Concerning the Alleged *Brady* Violation (Grounds Two, Three, and Four)

Ground two of petitioner's section 2254 petition claims that counsel's failure to obtain discovery deprived petitioner of the opportunity to review discovery prior to pleading guilty. Petition (ECF No. 1) at [7]. Ground three of the petition makes a related claim that the plea was involuntary due to the lack of discovery, and petitioner's reply adds that the plea was involuntary due to petitioner's duress and lack of time that he had to review it before pleading guilty. Petition (ECF No. 4) at [1]; Reply (ECF No. 15) at [8]. Ground four of the section 2254 petition asserts the discovery claim against post-conviction counsel. Petition (ECF No. 4) at [3].[9] Petitioner's reply alleges that counsel failed to inform him adequately about the plea agreement reached by two co-defendants. Reply at [4]. He also lists a "time line" of crimes committed by a co-defendant, he states that the co-defendant was not charged, and he alleges that the co-defendant's confession was not corroborated. Reply at [5]. He alleges that counsel "failed to preserve critical evidence that could [have] proven [petitioner] did not commit certain burglaries." *Id.* at [10-11].

The Superior Court's finding that petitioner failed to present sufficient evidence that he was deprived of any exculpatory information dispensed with the *Brady* claim. *See Brady*, 373 U.S. at 87 (holding that the prosecution's duty not to suppress evidence relates to "evidence favorable to an accused"). The same finding also dispensed with petitioner's related claim of ineffective assistance of trial counsel for failing to obtain discovery. *See Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) ("Since [the petitioner's] claims fail on the merits, his related claims

---

[9] Petitioner includes the term *ex post facto* in ground four of his petition, but it does not appear that he is actually asserting any *ex post facto* violation. *See Calder v. Bull*, 3 U.S. 386, 390 (1798) (holding that the *ex post facto* prohibition means "that the Legislatures of the several states, shall not pass laws, after a fact done by a subject, or citizen, which shall have relation to such fact, and shall punish him for having done it.); *Weaver v. Graham*, 450 U.S. 24, 31 (1981) ("The critical question is whether the law changes the legal consequences of acts completed before its effective date.")

that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail.").

To the extent petitioner directs his *Brady* claim to post-conviction counsel, the claim fails because the State has no federal constitutional responsibility to provide counsel in post-conviction proceedings, and consequently there is no claim for ineffective assistance of post-conviction counsel. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citations omitted) ("There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.")[10] In addition, petitioner's claims against post-conviction counsel are barred by 28 U.S.C. § 2254(i), which provides: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."

## B. Analysis of the Unexhausted Claims (Somerset County Petition)

Although petitioner's Kennebec County post-conviction matter is fully exhausted, the petition that he filed in Somerset County is apparently not, because, according to the State, petitioner has requested a discretionary review in the Law Court. Thus, the pending section 2254 petition is "mixed" in that it contains both exhausted and unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 271 (2005) ("We confront here the problem of a "mixed" petition for habeas corpus relief in which a state prisoner presents a federal court with a single petition containing

---

[10] In *Martinez v. Ryan*, the Supreme Court recognized a "narrow exception" to its holding in *Coleman v. Thompson*, 501 U.S. 722 (1991), when it held that, as a matter of equity, ineffective assistance of post-conviction counsel may excuse a procedural default of a claim of ineffective assistance of counsel at trial. *Martinez v. Ryan*, --- U.S. ---, 132 S. Ct. 1309, 1315 (2012). In *Martinez,* the Supreme Court explicitly narrowed its holding to the facts of that case and held that *Coleman* otherwise governs. *Id.* at 1320. The Supreme Court's holding in *Coleman,* that there is no constitutional right to counsel in post-conviction proceedings, is good law and precludes petitioner's claims against post-conviction counsel under the facts of this case. *See Coleman*, 501 U.S. at 752.

some claims that have been exhausted in the state courts and some that have not.") When a mixed petition is presented, section 2254 provides that the court may deny the petition on the merits "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). When the appropriate circumstances are presented, the district court may "give the petitioner an opportunity to dismiss the unexhausted claims" or it may "stay the mixed petition and hold it in abeyance while the petitioner exhausts the unexhausted claims, then lift the stay and adjudicate the petition once all claims are exhausted." *DeLong v. Dickhaut*, 715 F.3d 382, 387 (1st Cir. 2013). However, it is "an abuse of discretion for the district court to grant a stay when the 'unexhausted claims are plainly meritless.'" *Id.* (quoting *Rhines*, 544 U.S. at 277) (vacating and remanding the case because it was unclear whether the district court had evaluated the unexhausted claims). Thus, this court must determine whether the unexhausted claims are clearly meritless. *See id.* at 387-88.

In my recent order requiring the State to file a status report, I also ordered the State to supplement its answer once the Somerset County post-conviction review is fully exhausted, and I informed petitioner that he would have the opportunity to reply to any supplemental answer. Order (ECF No. 16.) However, upon review of the supplemental record that the State has since filed, I conclude that a supplemental answer need not be filed by the State, and the petitioner need not be permitted to file a supplemental reply, because the unexhausted claims asserted in the Somerset County petition are clearly meritless.

Petitioner's first claim in the Somerset County petition is clearly meritless because, as discussed above, there is no recognized claim against post-conviction counsel under the facts of this case. *See Coleman*, 501 U.S. at 752; 28 U.S.C. § 2254(i).

16

Petitioner's second claim in the Somerset County petition is that he was denied discovery material in violation of his due process rights under *Brady*, and that this material would have demonstrated his innocence. Petitioner raised this same claim in his Kennebec County post-conviction, and it is meritless for the reasons discussed above.

Petitioner's third claim in the Somerset County petition is that the court in the Kennebec County post-conviction proceeding failed to adjudicate the Somerset County claims. Somerset County Post-conviction Petition at 3-4, Supplemental Record at [5-6]. This claim clearly lacks merit because the Kennebec County Superior Court did address the discovery issue that petitioner raised in that proceeding; the court held that, although petitioner did not request relief in the Somerset County matters, he failed, in any event, to demonstrate that he was deprived of exculpatory evidence.

## IV. Conclusion

Based on the foregoing analysis, I conclude that an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases, and I recommend that relief be denied and petitioner's claims be dismissed. I further recommend that the Court deny a certificate of appealability, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum,*

*within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 1st day of December, 2014.

                                          <u>/s/ John H. Rich III</u>
                                          John H. Rich III
                                          United States Magistrate Judge